IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT DIABETES CARE INC. and ABBOTT DIABETES CARE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>DEXCOM, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 21-977 (KAJ)<br>)<br>)<br>)<br>)<br>) |

## SCHEDULING ORDER

This 2nd day of December, 2021, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.1, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by **December 10, 2021**. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, which is posted at http://www.ded.uscourts.gov, and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **October 13, 2022**.

3. <u>Discovery</u>.

   a. <u>Document Production</u>. Document production shall be substantially complete within 14 days after the Claim Construction Hearing.

      b.    <u>Requests for Admission</u>. A maximum of 35 requests for admission are permitted for each side. Notwithstanding the foregoing, there shall be no limit on the number of requests for admission for the purpose of authenticating documents.

      c.    <u>Interrogatories</u>. A maximum of 35 interrogatories, including contention interrogatories, are permitted for each side.

      d.    <u>Limitation on Hours for Deposition Discovery from Fact Witnesses</u>. For fact witnesses, each side is limited to a total of 100 hours of taking testimony by deposition upon oral examination. Each deposition will count a minimum of 3 hours towards the time limit. Unless otherwise stipulated by the parties or ordered by the court, a deposition is limited to one day of seven hours. The parties will work in good faith to agree on time limits for individual depositions in advance.

      e.    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. The parties will work in good faith to agree on the location and means for taking depositions.

      f.    <u>Discovery Cut off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before **November 14, 2022**. The Court encourages the parties to serve and respond to contention interrogatories early in the case.

      g.    <u>Disclosure of Expert Testimony</u>. All expert discovery in this case shall be initiated so that it will be completed on or before **April 6, 2023**. Unless otherwise agreed to by

Case 1:21-cv-00977-KAJ   Document 34   Filed 12/02/21   Page 3 of 11 PageID #: 2167

the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before **February 9, 2023**, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party on or before **March 9, 2023**. For expert witnesses, each side is limited to 7 hours per expert report of taking testimony by deposition upon oral examination, provided that this limit may be increased by agreement among the parties or by court order for good cause.[1] To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    h. <u>Discovery Disputes</u>.  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed 1000 words, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed 1000 words, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

---

[1] The parties agree that good cause is presumed (rebuttable) when an expert's report addresses more than three unrelated patents on subjects of infringement, noninfringement, validity, or invalidity.

3

    i.  <u>Disclosures</u>. Absent agreement among the parties, and approval of the Court:

    (1)  By **December 10, 2021**, Plaintiffs shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiffs shall also produce the file history for each asserted patent.

    (2)  By **January 14, 2022**, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s).

    (3)  By **March 31, 2022**, Plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

    (4)  By **May 6, 2022**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

    (5)  By **December 5, 2022**, Plaintiffs shall provide final infringement contentions.

    (6)  By **December 19, 2022**, Defendant shall provide final invalidity contentions.

  4.  <u>Application to Court for Protective Order and ESI Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information and/or an ESI Order specifying terms and conditions for the production of electronically stored information, counsel should confer and attempt to reach an

Case 1:21-cv-00977-KAJ   Document 35   Filed 12/02/21   Page 5 of 11 PageID #: 2181
Case 1:21-cv-00977-KAJ   Document 34   Filed 12/02/21   Page 5 of 11 PageID #: 2169

agreement on a proposed form of order and submit it to the Court within thirty days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of Paragraph 3h above.

Any proposed order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. Filings Under Seal. Papers Filed Under Seal. A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

6. Settlement Conference. Pursuant to 28 U.S.C. § 636, this matter is referred to a United States Magistrate Judge for the purpose of exploring the possibility of a settlement.

7. <u>Interim Status Report</u>. No later than seven (7) days before the Status Conference of Paragraph 8, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>. The Court will hold a Rule 16 conference in connection with the Claim Construction Hearing.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which Plaintiffs' opening claim construction brief is due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes. The tutorial should focus on the technology in issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in nor more than 1750 words) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which Defendant's answering claim construction brief is due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. <u>Case Dispositive Motions</u>.

a. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **April 27, 2023**. Briefing will be presented pursuant to the Court's Local Rules.

b. Answering briefs shall be served and filed on or before **May 18, 2023**.

  c. Reply briefs shall be served and filed on or before **June 6, 2023**.

  d. <u>No early motions without leave</u>. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

  e. <u>Page limits combined with Daubert motion page limits</u>. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each SIDE will be limited to a combined total of 15,000 words for all opening briefs, a combined total of 15,000 words for all answering briefs, and a combined total of 7,500 words for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 20,000 words for all opening briefs, 20,000 words for all answering briefs, and 10,000 words for all reply briefs for each SIDE.[2]

  f. <u>Hearing</u>. On **June 23, 2023, at 10:00 a.m.**, the Court will hear argument on all pending dispositive and Daubert motions. Subject to further order of the Court, each side will be allocated a total of forty-five (45) minutes to present its argument on all pending motions.

 11. <u>Claim Construction Issue Identification</u>. On or before **May 13, 2022**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before **May 27, 2022**, the parties shall exchange their proposed claim constructions of all the term(s)/phrase(s) identified by the parties. These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer by **June 3, 2022**, to prepare a

---

[2] The parties must work together to ensure that the Court receives no more than a total of 100,000 words (i.e., 20,000 + 20,000 + 10,000 words regarding one side's motions, and 20,000 + 20,000 + 10,000 words regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

Joint Claim Construction Chart to be submitted on the date identified in paragraph 12 below. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction Issue Submissions</u>.

    a. The Joint Claim Construction Chart shall be submitted to the Court no later than **June 17, 2022**.

    b. By **July 8, 2022**, Plaintiff(s) shall file an opening claim construction brief, not to exceed 10,000 words.

    c. By **July 29, 2022**, Defendant(s) shall file an answering claim construction brief, not to exceed 15,000 words.

    d. By **August 8, 2022**, Plaintiff(s) shall file a reply claim construction brief, not to exceed 10,000 words.

    e. By **August 18, 2022**, Defendant(s) shall file a sur-reply claim construction brief, not to exceed 5,000 words.

13. <u>Hearing on Claim Construction</u>. Beginning at **10:00 a.m. on September 30, 2022**, the Court will hear evidence and argument on claim construction. The parties should be prepared to discuss with the Court how their claim construction positions will affect their positions with respect to any filed or anticipated case dispositive motions.

14. <u>Applications by Motion</u>.

a. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

b. <u>Motions to Amend</u>.

(1) Any motion to amend (including a motion for leave to amend) a pleading shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed 1,000 words, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

(2) Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed 1,750 words.

(3) Within three (3) days thereafter, the moving party may file a reply letter, not to exceed 750 words, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

c. <u>Motions to Strike</u>.

(1) Any motion to strike any pleading or other document shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed 1,000 words, describing the basis for the requested relief, and shall attach the document to be stricken.

Case 1:21-cv-00977-KAJ Document 35 Filed 12/02/21 Page 10 of 11 PageID #: 2186

Case 1:21-cv-00977-KAJ Document 34 Filed 12/02/21 Page 10 of 11 PageID #: 2174

(2) Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed 1,750 words.

(3) Within three (3) days thereafter, the moving party may file a reply letter, not to exceed 750 words, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

d. <u>Motions to Compel Case Narrowing</u>. Within 4 weeks of the Claim Construction Order, the parties shall meet and confer to discuss narrowing the number of asserted claims and prior art references at issue.

(1) If the parties are unable to agree about the extent of narrowing (asserted claims and/or prior art references), a party may move the Court to compel further narrowing. Any such motion shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed 1,000 words, describing the basis for the requested relief.

(2) Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed 1,750 words.

(3) Within three (3) days thereafter, the moving party may file a reply letter, not to exceed 750 words, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to compel narrowing.

15. <u>Pretrial Conference</u>. On **September 22, 2023**, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at **10:00 a.m**. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure

requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order no later than **August 23, 2023**.

16. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of 1,750 words of argument and may be opposed by a maximum of 1,750 words of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single 1,750 word submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference. That submission shall be accompanied by a computer diskette or thumb drive (in WordPerfect or Word format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18. Trial. This matter is scheduled for a 10-day jury trial beginning at **9:30 a.m.** on **October 23, 2023**. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present their case.

Kent A. Jordan, Circuit Judge
Sitting by Designation

11