IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT DIABETES CARE INC. and ABBOTT DIABETES CARE LIMITED,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEXCOM, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 21-977 (KAJ) |

## ORDER

At Wilmington this 15th day of August 2023, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that:

- DexCom's Motion for Summary Judgment (D.I. 330) is GRANTED-IN-PART insofar as DexCom argues that the asserted '954 Patent claims are invalid under 35 U.S.C. § 101.

- DexCom's Motion for Summary Judgment (D.I. 330) is DENIED-IN-PART insofar as DexCom argues that: the asserted '954 Patent claims are invalid under 35 U.S.C. § 112; the asserted '842 and '653 Patent claims are invalid under 35 U.S.C. § 101; Abbott is not entitled to an earlier invention date for the '842 and '653 Patents; claim 18 of the '649 Patent and its dependent claims are indefinite; and it is entitled to summary judgment of no willful infringement.

- DexCom's Motion to Strike Plaintiff's Untimely Damages Contentions (D.I. 334) is DENIED.

- DexCom's Motion to Exclude Expert Testimony Under *Daubert* (D.I. 336) is DENIED-IN-PART insofar as DexCom moves to exclude Lawton's royalty and lost profits opinions and certain opinions of Smith and Leinsing.

- DexCom's Motion to Exclude Expert Testimony Under *Daubert* (D.I. 336) is DISMISSED-IN-PART AS MOOT insofar as DexCom moves to exclude Lawton's opinions that DexCom copied Abbott.

- DexCom's Motion to Strike Plaintiff's Untimely Expert Opinions (D.I. 407) is GRANTED-IN-PART insofar as DexCom argues to strike portions of the declaration of Majid Sarrafzadeh (D.I. 347), and DENIED-IN-PART insofar as DexCom argues to strike: portions of the declaration of Neil Sheehan (D.I. 348); the entirety of the declaration of Karl Leinsing (D.I. 351); and portions of the declaration of John Smith (D.I. 379).

- Abbott's Motion for Summary Judgment and Exclusion of Expert Opinions Under *Daubert* (D.I. 339) is GRANTED-IN-PART insofar as Abbott argues that: claim 18 of the '649 Patent and its dependent claims are not invalid for indefiniteness under 35 U.S.C. § 112; the asserted claims of the '649 and '440 Patents are not invalid for lack of written description under 35 U.S.C. § 112; the hypothetical negotiation date for purposes of

reasonably royalties is March 31, 2021; and Ms. Stamm's reasonably royalty analysis should be excluded to the extent it relies on the wrong hypothetical negotiation date.

- Abbott's Motion for Summary Judgment and Exclusion of Expert Opinions Under *Daubert* (D.I. 339) is DENIED-IN-PART insofar as Abbott argues that: the asserted claims of the '649 and '440 Patents are not invalid as obvious under 35 U.S.C. § 103 based on the Guardian-Omnipod-Accu-chek and Yodfat-Omnipod prior art references; the asserted claims of the '443 Patent are not invalid for lack of written description under 35 U.S.C. § 112; the '443 Patent is not invalid for improper inventorship and is not unenforceable for inequitable conduct; the inventions claimed in the '443 patent were conceived and reduced to practice before August 1, 2002; the asserted claims of the '649 and '440 Patents, claims 3 and 6 of the '216 Patent, claim 15 of the '842 Patent, the asserted claims of the '338 Patent, and the asserted claims of the '644 Patent are infringed; and Ms. Stamm's opinions on non-infringing substitutes should be excluded under *Daubert*.
- Abbott's Motion for Summary Judgment and Exclusion of Expert Opinions Under *Daubert* (D.I. 339) is DISMISSED-IN-PART AS MOOT insofar as Abbott argues that the asserted claims of the '216, '341, and '654 Patents are not invalid as obvious under 35 U.S.C. § 103 based on the Yodfat-

Brister and Brister-Bachynsky prior art references and that it is entitled to summary judgment of no prosecution laches.

- Abbott's Motion to Strike DexCom's Untimely Enablement Defense (D.I. 394) is DENIED.

- Abbott's Motion to Strike DexCom's New Claim Constructions (D.I. 466) is DENIED.

*/s/ Kent A. Jordan*
Kent A. Jordan, Circuit Judge
Sitting by designation