IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ABBOTT DIABETES CARE, INC. and
ABBOTT DIABETES CARE LIMITED,

        Plaintiffs,

   v.

DEXCOM, INC.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 21-977 (KAJ)

ORDER

The Court, having heard the parties at oral argument on October 10, 2023, made

rulings from the bench as follows:

IT IS HEREBY ORDERED that:

- DexCom's Motion to Strike Plaintiffs' New Damages Opinion (D.I. 500) is DENIED.

- Abbott's Motion to Strike DexCom's Argument in Opposition to Lost Profits (D.I. 538) is DENIED.

- Abbott's Request to Prevent the Jury from Hearing DexCom's Inventorship Defense (D.I. 533 at 1-3) is DENIED.

- DexCom's Request Regarding Evidence Subject to FRE 408 and the Parties' NDA (D.I. 533 at 5) is DENIED.

- DexCom's Motion in Limine No. 3 (D.I. 496 Ex. 8D) to Exclude Evidence of Willfulness, Including Alleged Copying by DexCom is DENIED.

- Abbott's Motion in Limine No. 2 (D.I. 495 Ex. 8P at 14) to Preclude Dexcom's Experts from Using the Patent's Specification, Prosecution History, or Other Evidence to Interpret the Plain Meaning of the Patents' Claims or to Distinguish Between the Claims and the Accused Infringing Products is GRANTED.

The Court reserved ruling on DexCom's Motion in Limine No. 1 and will rule on it in conjunction with the *Daubert* motion due on the same issue.

The Court reserved ruling on Abbott's Motion in Limine No. 3 and now rules as follows:

IT IS HEREBY ORDERED that:

- Abbott's Motion in Limine No. 3 (D.I. 495 Ex. 8P at 25) that DexCom Should be Precluded from Introducing Evidence, Testimony or Argument Suggesting that Any Accused Products or any Abbott Products (Past or Present) Are or Were Covered by DexCom Patents is DENIED AS MOOT in part and DENIED in part.

Abbott wishes to preclude DexCom from asserting DexCom's patents (1) as proof DexCom did not infringe Abbott's patents, (2) as evidence that DexCom has its own patent suit against Abbott, and (3) as a defense to willful infringement. (D.I. 495 Ex. 8P at 25-26, 29.) DexCom "agrees not to introduce evidence of DexCom's patents that cover Abbott products" and "that its patents have nothing to do with infringement of Abbott's patents." (*Id.* at 30 n.12, n.13.) Therefore, Abbott's motion is DENIED AS MOOT insofar as Abbott argues that DexCom should be precluded from using its patents as proof of non-infringement or as evidence that DexCom sued it.

2

"A defendant's patents are relevant to rebut a claim of willful infringement." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-cv-525, 2015 WL 1518099, at *11 (E.D. Va. Mar. 31, 2015). They may also be relevant in showing that "features patented by Dexcom … are the key demand drivers for Dexcom products." (D.I. 495 Ex. 8P at 31.) But Abbott claims that DexCom has not been forthcoming about which patents cover DexCom's products. (*Id.* at 26.) At first, DexCom provided Abbott with 639 patents, a number we considered outrageous, and then, in a supplement, DexCom listed 12 patents, gave a short explanation of one claim from each, and said "[t]he DexCom GP practices at least claim 1" of the corresponding patent. (*Id.* at 27-28; Abbott Ex. F.) DexCom's expert cited the supplement in her damages report but does not explain how the patents relate to DexCom's products. (*Id.* at 31-32.) DexCom claims that it did enough to divulge its contentions and that Abbott did not challenge them for five months. (*Id.* at 33-34.) At the motion in limine hearing, DexCom said the patents' inventors will use the narrative explanations from the supplement to testify about their inventions and how they relate to DexCom's products. (10/10/23 Tr. at 137:6-9; 139:5-7; 140:19-23.)

Abbott made a convincing showing that the narrative explanations skip certain facts about how DexCom's products practice the corresponding patents. (*Id.* at 133:20-134:10.) I thus agree that the interrogatory response is inadequate, and Abbott is entitled to depose DexCom's inventors at DexCom's expense. (*See id.* at 144:6-10.) The motion

in limine is DENIED, however, insofar as Abbott wishes to exclude evidence of

DexCom's patents, as they may be relevant to its willfulness defense and to demonstrate

that DexCom's innovations drove demand for its products.

Kent A. Jordan, Circuit Judge
Sitting by designation

DATE:  November 9, 2023
Wilmington, Delaware

4