IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ABBOTT DIABETES CARE INC. and )
ABBOTT DIABETES CARE LIMITED, )
)
Plaintiffs, )
) C.A. No. 21-977 (KAJ)
v. )
)
DEXCOM, INC., )
)
Defendant. )

## JOINT STATUS REPORT

Per the Court's instructions on the April 17, 2024 telephone conference, the parties have

conferred regarding availability for trial.  The parties' respective positions are set forth below.  The

parties have also included their availability on a week-by-week basis from September 30, 2024,

through June 28, 2025, in Appendix A.

## ABBOTT'S POSITION

At the April 17, 2024 telephone conference, the Court stated its preference to "have the

parties in a posture that they can move forward with retrial quickly after [post-trial motions are

resolved]," Apr. 17, 2024 Hrg. Tr. at 6:5-7, and directed the parties to provide "a reasonable time

frame in which to bring the trial that will allow me time to decide your post-trial motions," *id*. at

7:23-8:2, and such timing should be "not forever."  *Id*. at 8:3-10.  The parties have agreed to

complete that briefing on July 12.  D.I.  682 ¶ 3.

Abbott believes that it is important to get this case finally resolved promptly, and that Q4 of this year or very early in 2025 provides a reasonable time frame to do that.[1]  In the original scheduling order for this case, which required the Court to resolve any and all summary judgment motions *plus* all *Daubert* motions at the same time, the Court scheduled trial 20 weeks after the completion of summary judgment and *Daubert* briefing. D.I. 35. at ¶¶ 7, 18.  For reference, 20 weeks after the parties' July 12, 2024 stipulated post-trial motion reply brief deadline would fall in late November, 2024.  Further, trial timing in Q4 of 2024 would allow the Court to complete trial in this case in advance of major pretrial events in the co-pending 22-605 case (to the extent that schedule holds, as further addressed below).

Dexcom has offered reasons why it believes trial should be delayed until late Spring 2025—none of which relate to the time frame to decide post-trial motions.[2]  Dexcom has done so primarily by determining its availability only for two-week blocks, claiming that the trial will require two weeks.  Abbott expects that the upcoming trial can be litigated over a five-day period, given that the prior trial was a liability case for four patents, including issues of invalidity and induced infringement, along with willfulness and damages, with just 20 hours per side that lasted (excluding jury selection) 6.5 days. The retrial will involve only infringement for one patent and damages for two patents, which should not take more than 5 days.  Indeed, the trial in the 22-605 case, which will encompass infringement, invalidity, willfulness, and damages for three patents, is scheduled to take place over a five-day period (March 24-28, 2025).

---

[1] Dexcom suggests that Abbott is seeking "two bites at the apple before Dexcom gets one."  On the contrary, Abbott appropriately seeks a verdict on the issues not reached by the March jury—issues that are ready to be litigated today—within a reasonable time frame.

[2] While Dexcom states that "the parties' post-trial motions[] are expected to be extensive and complicated," the reality is that the parties have agreed to (and the Court has ordered) reasonable word limits, and Abbott is confident that the parties can present the issues efficiently and constructively within the word limits provided.

Dexcom has sought to limit its availability to, at the earliest, Q2 2025 (over a year after the initial trial), and following trial in the 22-605 case, a case in which fact discovery is ongoing, and expert discovery has not yet commenced.   When Abbott requested that Dexcom provide availability for Q4 2024 and Q1 2025, Dexcom initially provided no available dates in Q4 2024 and only one available window late in Q1 2025.   When pressed again for week-by-week availability, Dexcom identified one available week in Q4 2024 and one available week in Q1 2025.[3]

In any event, both sides are available for trial the weeks of December 16, February 24, May 5, May 12, June 9, and June 16.  Despite Dexcom's claimed unavailability for almost all of Q4 2024 and Q1 2025, Abbott asks that the Court press Dexcom to open up additional availability. Abbott expects that, should the Court schedule trial for any given week in Q4 2024 or Q1 2025, Dexcom will be able to make such week work.

To the extent the Court cannot find an appropriate trial window in Q4 2024 or Q1 2025 (including the weeks of December 16 and February 24, for which neither party has identified any conflicts), Abbott asks that the Court schedule trial in the present case to take place during the March 24-28, 2025 window currently reserved for trial in the 22-605 action, given that the present case is ripe for adjudication and trial-ready, while the 22-605 case is still in fact discovery, expert discovery has not started, no claim construction hearing is currently scheduled, and summary judgment motions are not scheduled to be filed until September.

Indeed, based on the number of disputes about which the parties are actively meeting and conferring in the 22-605 case, there is a high likelihood that the already tight schedule in the 22-

---

[3]   Such drastically limited availability is in stark contrast to the plentiful availability Dexcom was able to provide in October 2023 when advocating for the Court to reschedule trial for Spring 2024.  D.I. 540.

605 schedule will need to be adjusted, including the current trial date. Fact discovery in that action is scheduled to close in less than a month on June 4, with opening expert reports to follow just a few weeks later. Yet Dexcom delayed producing over 170,000 pages of documents (more than a third of its post-stay production) until after the substantial completion deadline, and has recently served 70 additional document requests (including 20 last week). Further, Dexcom is still resisting providing (or only just now agreed to provide) critical discovery, and is opposing qualification of multiple Abbott expert candidates under the Protective Order on grounds inconsistent to those it applied to its own experts, both of which are likely to require resolution by the Court. Email discovery is just beginning, and not a single deposition has been taken. Dexcom recently noticed 13 witnesses for personal depositions, and served almost 80 Rule 30(b)(6) topics, while Abbott has noticed 17 personal depositions and served a Rule 30(b)(6) notice of its own. Abbott has proposed a revised schedule for the 22-605 action that would move back the close of fact discovery and subsequent deadlines by two months, leading to trial in around May 2025, and is awaiting DexCom's response. Abbott will be contacting the Court shortly about this proposal. At bottom, Abbott believes it makes little sense to prioritize the 22-605 case over the trial-ready retrial in this action, when the schedule for the 22-605 case likely cannot hold.

## DEXCOM'S POSITION

Dexcom respectfully requests that the Court set the date for a potential retrial during one of several two-week blocks of time in which the parties have no counsel, expert, or fact witness scheduling conflicts: April 28 – May 9, 2025; May 5 – 16, 2025; June 2 – 13, 2025; and June 9 – 20, 2025. The parties have not identified any mutually available two-week blocks earlier than

these in the second quarter of 2025.[4] *See* App'x A.  Dexcom understands that Abbott would like an earlier trial date such that it gets a second trial in this action before the Court holds trial on Dexcom's claims in the 22-605 action.  But putting aside the propriety of Abbott's "jockeying for position"[5] to get two bites at the apple before Dexcom gets one, scheduling a retrial for earlier than the second quarter of 2025 is unworkable for at least three separate reasons.

*First*, the parties have not identified any available two-week blocks of time for trial during either the fourth quarter of 2024 or the first quarter of 2025.  Abbott claims that a retrial could be squeezed into a single week (of which there are only two presently available prior to the second quarter of 2025), but its position is inconsistent with its post-trial motions and the amount of time it took to cover the same ground in the March trial.  According to Abbott, any retrial should encompass infringement and willfulness on the '216 patent, as well as damages on both the '649 and '216 patents.  Dexcom disagrees with Abbott's position and will detail in its briefing on the parties' post-trial motions why the scope of any retrial should not include willfulness or damages. But if the Court ultimately agrees with Abbott, it is simply not feasible to retry all the issues Abbott wishes to in one week.

As the Court is well aware, it took eight court days, not counting jury deliberations, to try Abbott's claims in March.  By Dexcom's estimation, approximately one of those eight days (*i.e.,* 6 to 9 hours of on the record time) was specifically devoted to trying infringement of the '649, '647, and '338 patents and invalidity of the '338 patent.  The rest of the time—well over one week—was devoted to issues that Abbott says should be retried, including, in particular,

---

4    The parties so far have gathered availability information only through the second quarter of 2025, but Dexcom expects that both sides would have much more availability in the third quarter of 2025 and beyond.
5    Apr. 17, 2024 Teleconference Tr. at 9:2-3.

willfulness and damages.  Indeed, there are only three witnesses who testified at trial in March that would not need to testify again in Abbott's desired retrial—Gary Stafford on his invention of the '338 patent, Neil Sheehan on infringement of the '338 and '647 patents, and Dnyanesh Talpade on non-infringement of the '338 patent and non-infringing alternatives to that patent.[6]  While the examinations of some other witnesses may be shorter in a retrial, they will not be three full trial days shorter, as Abbott's one-week for trial proposal would necessitate.

*Second*, holding a trial in the fourth quarter of 2024 may not allow the Court sufficient time to resolve the parties' post-trial motions, which are expected to be extensive and complicated.[7] And even if the Court is able to resolve the parties' motions prior to the fourth quarter of 2024, the parties would have little time to adjust their trial plans and pretrial submissions (which are typically due six weeks before trial) to account for the Court's post-trial rulings.

*Third,* any retrial prior to the second quarter of 2025 will overlap with the parties' and the Court's preparations and pretrial activities for trial in the 22-605 case.  For example, the parties are scheduled to brief summary judgment and *Daubert* motions throughout the fourth quarter of 2024, with a hearing on December 13.  And the parties are scheduled to finalize and file all of their motions *in limine* and other pretrial submissions in January 2025, with a final pretrial conference on February 24.  Abbott argues that this overlap should not matter because different counsel are handling the two cases for each side.  But there is in fact overlapping Delaware trial counsel on

---

[6]   Abbott's post-trial motions include a request pursuant to Rule 59 for a new trial as to the '338 and '647 patents.  Should that motion be granted, every witness from the March trial would be necessary for a subsequent trial.  Dexcom's motions could also lead to a new trial on infringement of the '649 patent.  The possibility that some or all these issues will require a new trial are another reason for reserving a two-week trial window.

[7]   During the April 17, 2024 teleconference, the Court advised the parties that it would need "not forever, but a decent amount of time to decide [the] post-trial motions" and declined to agree with Abbott that the parties "should be looking at dates towards the end of the year[.]"  Apr. 17, 2024 Teleconference Tr. at 8:3-10, 8:16-9:1.

both sides.  Additionally, the parties and their respective inhouse counsel and representatives are the same, as are several of the witnesses who will be testifying.  And, of course, the Court, which Dexcom appreciates has finite time and resources, is overseeing both cases and would have to grapple with motions, hearings, and other work in both cases at the same time.

In tacit recognition of these problems, and perhaps in hopes of further delaying resolution of Dexcom's claims against Abbott, Abbott suggests that the Court should move the previously scheduled trial in the 22-605 case to May 2025 or later, thereby opening up an additional week in March for a potential retrial in this case.  Abbott's claims about the state of discovery in the 22-605 case and its impact on the schedule are both overblown and premature (Abbott only raised them with Dexcom's counsel in the 22-605 case late last week after receiving Dexcom's availability for a retrial in this case, and the parties have yet to confer in the 22-605 case regarding what adjustments to the discovery schedule may be needed, if any).  More fundamentally, it is improper for Abbott to try to inject scheduling and discovery issues from the 22-605 case into the Court's consideration of retrial in *this* case (if a retrial is needed).  And even if the Court were to move the 22-605 trial, it would not create an additional two-week block of availability, as needed.

In sum, given (1) the parties' availability for a trial spanning more than one week (which is what a retrial will require on the issues Abbott contends should be retried), (2) the need for the Court to have sufficient time to address the parties' post-trial motions and for the parties to account for the Court's rulings, and (3) the already crowded fourth quarter 2024 and first quarter 2025 schedule for the 22-605 case, the Court should preliminarily schedule the retrial in this case for no earlier than one of the four two-week blocks during which the parties have no conflicts in the second quarter of 2025: April 28 – May 9, 2025; May 5 – 16, 2025; June 2 – 13, 2025; or June 9 – 20, 2025.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiffs*


May 7, 2024

SHAW KELLER LLP

*/s/ Nathan R. Hoeschen*

_____
John W. Shaw (#3362)
Andrew E. Russell (#5382)
Nathan R. Hoeschen (#6232)
Emily S. DiBenedetto (#6779)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com

*Attorneys for Defendant*

**APPENDIX A**

| Week of | Abbott Conflict(s) | Dexcom Conflict(s) |
|---|---|---|
| Sept. 30 | | Lead trial counsel has trials in other matters commencing on September 9 and October 8th |
| Oct. 7 | | Lead trial counsel has trial in another matter; expert and fact witnesses unavailable |
| Oct. 14 | | Lead trial counsel has trial in another matter; expert witnesses unavailable |
| Oct. 21 | Expert and fact witnesses unavailable | Lead trial counsel and Delaware counsel have trial in other matters |
| Oct. 28 | | Lead trial counsel and Delaware counsel have trial in other matters |
| Nov. 4 | Expert witness unavailable | Lead trial counsel and Delaware counsel have trial in other matters |
| Nov. 11 | Expert witness unavailable | Expert witness unavailable |
| Nov. 18 | | Delaware counsel has trial in another matter; fact witness unavailable |
| Nov. 25 | | **THANKSGIVING WEEK** |
| Dec. 2 | | Fact witnesses unavailable |
| Dec. 9 | | Delaware counsel has trial in another matter; expert witness unavailable |
| Dec. 16 | | |
| Dec. 23 | | **CHRISTMAS WEEK** |
| Dec. 30 | | **NEW YEAR'S WEEK** |
| Jan. 6 | Fact witnesses unavailable | Senior trial counsel has trial in another matter; expert witness unavailable |
| Jan. 13 | | Senior trial counsel has trial in another matter; expert and fact witnesses unavailable |
| Jan. 20 | Expert witness unavailable | Expert witness unavailable |
| Jan. 27 | | Trial counsel has trial in another matter; expert and fact witnesses unavailable |
| Feb. 3 | | Trial counsel has trial in another matter; expert witnesses unavailable |
| Feb. 10 | Fact witness unavailable | Expert witness unavailable |
| Feb. 17 | | Fact witness unavailable |
| Feb. 24 | | |
| Mar. 3 | Fact witnesses unavailable | Expert witness unavailable |
| Mar. 10 | Expert witness unavailable | Expert witnesses unavailable |
| Mar. 17 | | Expert and fact witnesses unavailable |

| Mar. 24 | | **TRIAL IN 22-605 CASE** |
|---|---|---|
| Mar. 31 | | Fact witnesses unavailable |
| Apr. 7 | Expert and fact witnesses unavailable | |
| Apr. 14 | Expert and fact witnesses unavailable | |
| Apr. 21 | | Expert and fact witnesses unavailable |
| Apr. 28 | | Expert witness unavailable |
| May 5 | | |
| May 12 | | |
| May 19 | | Expert and fact witnesses unavailable |
| May 26 | | Expert witness unavailable |
| June 2 | | Expert witness unavailable |
| June 9 | | |
| June 16 | | |
| June 23 | Expert witness unavailable | Lead and other senior trial counsel have trial in another matter; expert witness unavailable |