FIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT DIABETES CARE INC. and ABBOTT DIABETES CARE LIMITED, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 21-977 (KAJ) |
| DEXCOM, INC., | ) ) ) | ▮ |
| Defendant. | ) | REDACTED - PUBLIC VERSION |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO REDACT CERTAIN PORTIONS OF THE TRIAL TRANSCRIPT**

OF COUNSEL:

Michael A. Morin
Richard A. Lowry
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

S. Giri Pathmanaban
LATHAM & WATKINS LLP
300 Colorado St., Suite 2400
Austin, TX 78701
(737) 910-7300

Rachel R. Blitzer
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

Aaron Macris
LATHAM & WATKINS LLP
200 Clarendon St.
Boston, MA 02116
(617) 948-6000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com

*Attorneys for Plaintiffs*

Leland G. Hansen
James M. Hafertepe
Sharon A. Hwang
Michael J. Carrozza
Manuela Cabal
Alex M. Vogler
Rocco J. Screnci
Amanda C. Jackson
Dorien J. Clark
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661
(312) 775-8000

<div style="display: flex;">

Benjamin A. Lasky  
KIRKLAND & ELLIS LLP  
601 Lexington Avenue  
New York, NY 10022  
(212) 446-4800  

Amanda J. Hollis  
KIRKLAND & ELLIS LLP  
300 North LaSalle  
Chicago, IL 60654  
(312) 862-2000  

June 6, 2024

Ellisen Shelton Turner  
KIRKLAND & ELLIS LLP  
2049 Century Park East, Suite 3700  
Los Angeles, CA 90067  
(310) 552-4200  

Jason M. Wilcox  
KIRKLAND & ELLIS LLP  
1301 Pennsylvania Avenue, N.W.  
Washington, D.C. 20004  
(202) 389-5000  

</div>

**I.     INTRODUCTION**

During trial, there was testimony in open court that Dexcom paid ▮▮▮▮▮ in 2023 to block patient access to Abbott's FreeStyle Libre products. Dexcom did not raise any confidentiality concerns about that testimony. Dexcom also did not raise confidentiality concerns when Abbott's counsel discussed the same information during closing arguments. Now Dexcom moves to redact from the trial transcript the amount ▮▮▮▮▮ Dexcom paid to block Abbott in 2023. Dexcom's motion should be denied because the information has already entered the public domain through testimony in open court and because Dexcom has failed to meet its burden as the party seeking to redact the now-public information.

**II.     FACTUAL BACKGROUND**

According to Dexcom, it entered an agreement effective January 1, 2021, with Zinc Healthcare Services LLC ("Zinc") (the "Dexcom/Zinc Agreement"). (D.I. 696 at ¶ 1.) Dexcom describes Zinc "as a group purchasing organization, which negotiates agreements on behalf of its various 'plan members' which are often insurers, hospitals, or other healthcare providers." (*Id.*)

Catharine Lawton, Abbott's financial expert, testified regarding the Dexcom/Zinc Agreement. She testified that Dexcom paid Zinc ▮▮▮▮▮, pursuant to that agreement, to block patient access to Abbott's FreeStyle Libre products for the year 2023 alone. (*See* Ex. A, 3/14/24 Tr. at 1085:8-1086:5.) This testimony took place in open court with interested members of the public present, including at least one reporter. Dexcom did not raise any confidentiality concerns about this testimony. And Dexcom did not raise any confidentiality concerns when Abbott's counsel discussed the same information during closing arguments, again in open court. (*See* Ex. B, 3/20/24 Tr. at 2170:23-2171:25.)

Laura Endres, a senior vice-president at Dexcom, also testified about the Dexcom/Zinc Agreement. (Ex. 1, 3/18/24 Tr. at 1624:9-20.) And the agreement was entered into evidence

1

without objection in connection with Ms. Endres' testimony (as DX3405). (*Id.* at 1622:18-1623:16.) When the agreement was entered into evidence, Abbott did not publish the information to give Dexcom a chance to seek to seal or redact the exhibit. (*See id.* at 1623:3-9.)

During the trial, the parties met and conferred at length about whether numerous exhibits, including the Dexcom/Zinc Agreement, should be redacted. Pursuant to those negotiations, the parties agreed to redact certain trial exhibits by removing pages (e.g., PTX-2029 and DX0012). The parties also consented to the jury receiving certain exhibits without redactions, including the entire Dexcom/Zinc Agreement (DX3405), even though the exhibits had been marked confidential during discovery. Following this negotiated result, neither Abbott nor Dexcom asked the Court for additional redactions before the exhibits were submitted to the jury.

**III.   ARGUMENT**

Court records presumptively remain accessible to the public. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 670 (3d Cir. 2019). As the party seeking redaction, Dexcom must show that the "interest in secrecy outweighs the presumption [of public access.]" *Id.* at 672 (quotations omitted). Dexcom thus "bears the burden of showing . . . that disclosure will work a clearly defined and serious injury" to it. *Id.* (internal citations omitted). Dexcom fails to carry that burden.

**First**, the testimony that Dexcom seeks to redact was offered in open court and without any confidentiality objection from Dexcom. (Ex. A, 3/14/24 Tr. at 1085:21.) Dexcom's motion should be denied on that basis alone. *See Integra LifeSciences Corp. v. HyperBranch Med. Tech., Inc.*, C.A. No. 15-819-LPS (D. Del. Mar. 25, 2019), D.I. 805 (denying motion to redact because, "[w]hile Plaintiff's proposed redactions are narrow and limited to previously-confidential financial information, all of the material Plaintiffs seek to redact was disclosed publicly during the trial. No request was made to seal the courtroom for any portion of the trial[.]"); *see also Gambale v.*

2

*Deutsche Bank AG*, 377 F.3d 133, 144 n.11 (2d Cir. 2004) ("Once the cat is out of the bag, the ball game is over.") (quoting *Calabrian Co. v. Bangkok Bank Ltd.*, 55 F.R.D. 82 (S.D.N.Y.1972)); *In re Nat'l. Broad. Co.*, 635 F.2d 945, 952 (2d Cir. 1980) ("Once the evidence has become known to the members of the public, including representatives of the press, through their attendance at a public session of court, it would take the most extraordinary circumstances to justify restrictions on the opportunity of those not physically in attendance at the courtroom to see and hear the evidence[.]"). Indeed, Dexcom cites no case in which a court retroactively redacted trial testimony.[1]

**Second,** Dexcom did not seek to redact the Dexcom/Zinc Agreement before it went to the jury for deliberations, despite that the parties agreed to redactions for *other* trial exhibits. As a result, any allegedly confidential terms are already in the public record. *See Littlejohn v. Bic Corp.*, 851 F.2d 673, 680 (3d Cir. 1988) (admitting document into evidence without redactions made it public record); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993) ("Indeed, it was the act of filing [a document with the court] *vel non* that triggered the presumption of access."). This also warrants denying Dexcom's motion. *See ART+COM Innovationpool GmbH v. Google Inc.*, C.A. No. 14-217-TBD, 2016 WL 10028722, at *5 (D. Del. Aug. 10, 2016) (denying redactions of testimony relating to documents displayed to the jury, but not the public gallery)

---

[1] Dexcom's cited cases are inapposite. *See Mosaid Techs. v. LSI Corp.*, 878 F. Supp. 2d 503, 510-511 (D. Del. 2012) (summary judgment transcript); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013) (reversing refusal to seal evidence submitted with post-trial motion for injunction at the request of both parties); *Comput. Scis. Corp. v. Tata Consultancy Servs.*, 2023 WL 8722033, at *1 (N.D. Tex. Dec. 15, 2023) (granting prospective request to seal trial exhibits); *Abiomed, Inc. v. Maquet Cardiovascular LLC*, 2021 WL 5165010, at *2-3 (D. Mass. Nov. 5, 2021) (redacting transcript of pre-trial videoconference); *Baird v. Blackrock Inst. Trust Co., N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (sealing documents submitted during motion-to-dismiss briefing); *Wisc. Alumni Res. Found. v. Apple, Inc.*, 2015 WL 6453837, at *1 (W.D. Wisc. Oct. 26, 2015) (requests to seal filed before trial and/or before the close of evidence).

("Google's arguments for redaction are particularly difficult to credit when Google did not object to an open trial . . . and at no point during the trial raised any confidentiality concerns as to trial testimony or requested to close the courtroom."). As discussed above, the parties negotiated redactions for exhibits during the trial. Pursuant to those negotiations, the Dexcom/Zinc Agreement went to the jury without any redactions. And, by its motion, Dexcom does not seek to seal the Dexcom/Zinc Agreement or redact any of its terms. Dexcom instead is asking to redact how much it paid to block Abbott pursuant to the Agreement's terms. Dexcom's motion is inconsistent with the negotiated treatment of the Dexcom/Zinc Agreement itself.

**Third**, Dexcom fails to provide the "articulated reasoning" required in support of its motion to show that disclosure will result in a "clearly defined and serious injury." *In re Avandia*, 942 F.3d at 672-73. Dexcom relies on a declaration from Daniel Fewkes, senior legal counsel at Zinc. (D.I. 696 at ¶¶ 2, 7.) But Mr. Fewkes says nothing in his declaration about the "the precise amount paid" to block Abbott, which is the only information that Dexcom seeks to redact from the trial transcript. Rather, in his declaration, Mr. Fewkes speaks to information that Dexcom is **not** seeking to seal or redact, such as the Dexcom/Zinc Agreement itself and its terms. (D.I. 696 at ¶ 10 ("Dexcom does not seek to redact the existence of a relationship between Dexcom and Zinc, or even the general subject of the Agreement, but only the price paid by Dexcom to Zinc.").) Dexcom has failed to meet its burden as the party seeking to redact the trial transcript.

**IV.    CONCLUSION**

For these reasons, the Court should deny Dexcom's motion to redact.

4

OF COUNSEL:

Leland G. Hansen
James M. Hafertepe
Sharon A. Hwang
Paul W. McAndrews
Michael J. Carrozza
Scott P. McBride
Thomas J. Wimbiscus
Carey J. Prill
Manuela Cabal
Amanda C. Jackson
Rocco J. Screnci
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661
(312) 887-8000

Michael A. Morin
Michael Evan Bern
Tyler Bryan Latcham
Richard Lowry
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Rachel Renee Blitzer
Christine I. Nam
P. Anthony Sammi
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

S. Giri Pathmanaban
LATHAM & WATKINS LLP
301 Congress Avenue, Suite 900
Austin, TX 78701
(737) 910-7345

Aaron Macris
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Anthony D. Raucci*
_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiffs*

5

(617) 948-6000

Ryan Thomas Banks
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
(714) 540-1235

Melanie J. Grindle
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400

Ellisen Shelton Turner
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA  90067
(310) 552-4200

Amanda J. Hollis
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-20000

Benjamin A. Lasky
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Jason M. Wilcox
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000

June 6, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 6, 2024, upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Andrew E. Russell, Esquire<br>Nathan R. Hoeschen, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>*Attorneys for Defendant* | BY ELECTRONIC MAIL |
| Robert A. Van Nest, Esquire<br>Leo L. Lam, Esquire<br>Eugene M. Paige, Esquire<br>Sophie Hood, Esquire<br>Elizabeth A. Eagan, Esquire<br>Andrew S. Bruns, Esquire<br>Puja Parikh, Esquire<br>Yena Lee, Esquire<br>Bilal Malik, Esquire<br>Stephanie J. Goldberg, Esquire<br>Jacquie P. Andreano, Esquire<br>Matan Shacham, Esquire<br>JD Schneider, Esquire<br>Matthew M. Werdegar, Esquire<br>R. Adam Lauridsen, Esquire<br>Oliver J. Fong, Esquire<br>William S. Hicks, Esquire<br>Michael K. Deamer, Esquire<br>Eric B. Hanson, Esquire<br>David J. Rosen, Esquire<br>Ellen G. Watlington, Esquire<br>KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, CA  94111-1809<br>*Attorneys for Defendant* | BY ELECTRONIC MAIL |

Theodore Kwong, Esquire  BY ELECTRONIC MAIL
HILGERS GRABEN PLLC
10000 North Central Expy., Suite 400
Dallas, TX  75231
*Attorneys for Defendant*

Nathan Hamstra  BY ELECTRONIC MAIL
QUINN EMANUEL URQUHART & SULLIVAN
191 North Wacker Drive, Suite 2700
Chicago IL  60606
*Attorneys for Defendant*

  */s/ Anthony D. Raucci*
  _____
  Anthony D. Raucci (#5948)