IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT DIABETES CARE INC. and ABBOTT DIABETES CARE LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> DEXCOM, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) Civil Action No. 21-977 (KAJ) ) ) ) ) ) |

## ORDER

Having considered Defendant Dexcom, Inc.'s Motion to Redact Certain Portions of the Trial Transcript (the "Motion", Docket Item ["D.I."] 696), and the opposition thereto filed by Plaintiffs Abbott Diabetes Care, Inc. and Abbott Diabetes Care Limited (collectively "Abbott") (D.I. 702), it is hereby ORDERED that, for the following reasons, the Motion is DENIED.

Third Circuit precedent is clear: "the public has a right of access to judicial materials[,]" a right that "attaches to judicial proceedings and records." *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (internal quotation marks omitted). That right of access creates a presumption that matters disclosed in the course of public proceedings should remain a matter of public record. Hence, "[t]he party seeking to overcome the presumption of access bears the burden of showing … that the material is the kind of information that courts will protect and that

disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (internal quotation marks omitted). The "strong presumption of openness does not permit the routine closing of judicial records to the public." *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted).

Dexcom seeks to redact from the trail transcript a portion of the testimony given by one of Abbott's financial experts. More specifically, Dexcom would like to withdraw from the public record the sum identified by the expert as the amount of money Dexcom paid for certain exclusive market access rights. (See D.I. 696, Ex. A at 1085, line 21, and Ex. B at 2171, line 19.) No motion to close the courtroom was made when that testimony was given or when it was mentioned again in closing argument. Dexcom's only argument for trying to un-ring that bell now is the assertion that the number comes from a contract designated "highly confidential – attorneys eyes only" when produced in discovery and that "knowing the precise amount paid" under the contract would allow competitors of Dexcom's contractual counterparty to "gain an unearned business advantage ... ." (D.I. 696 at 2.) It is not self-evident why that specific number would have such an effect, and Dexcom does not provide an explanation, offering only general assertions about the importance of confidential pricing information. An officer of Dexcom's counterparty did submit a declaration which is attached to the Motion, but the declaration speaks only in general terms of the importance of maintaining the confidentiality of sensitive business information. It does not mention the number in

question and does nothing to explain why the number is of such importance that its disclosure would "work a clearly defined and serious injury" to Dexcom or the contractual counterparty. *See Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012) ("To establish good cause [for redacting a judicial transcript], the party seeking redaction must show that disclosure will work a clearly defined and serious injury to that party." (cleaned up)).

In short, Dexcom has failed to carry its burden of proof, and redaction of the already publicly disclosed sum is not warranted.

Kent A. Jordan, Circuit Judge
Sitting by designation

July 9, 2024
Wilmington, DE